Brenda BRIGHT–JACOBS, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. CIV.A. 3:03–CV–029–J.

United States District Court,
N.D. Georgia,
Newnan Division.

Aug. 18, 2005.

Charles Lee Martin, Office of Charles L. Martin, Decatur, GA, for Plaintiff.

Alonzo H. Long, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for Defendant.

## ORDER

FELDMAN, United States Magistrate Judge.

■ This is an appeal from a denial by the Commissioner of Social Security that the claimant is not entitled to Supplemen-

tal Security Income (SSI) benefits.[1] The record in this case shows that on April 15, 2004, after both parties consented to this Court's handling of their case, it entered an Order entitled "Magistrate Judge's Final Order" reversing the Commissioner's adverse determination, finding that the claimant was disabled and entitled to SSI benefits as of April, 1995 (Order, p. 117) and remanding the case to the Commissioner to compute the amount of benefits to which the claimant was entitled, which Order was entered on the Docket Sheet by the Clerk of Court on April 21, 2004 [Doc. 23]. The Judgment was entered that same day [Doc. 24]. Thereafter, on May 11, 2004, the Commissioner filed a Motion entitled "Motion for Relief from Order and Judgment under Rule 59(e) of the Federal Rules of Civil Procedure" [Doc. 25].[2]

On May 24, 2004 the claimant filed her response to the Commissioner's Motion [Doc. 26]. As the Commissioner's brief contained unreported decisions, this Court ordered the Commissioner to furnish this Court with copies thereof on June 28, 2004, which Order also stayed the Order of Remand. [Doc. 27] Thereafter, on October 7, 2004 this Court entered a second Order denying the Commissioner's Motion for Relief from Order and Judgment, which order slightly modified the Order of April 21, 2004 so as to authorize the Commissioner to set the date on which the claimant became entitled to SSI benefits as well as the amount of such benefits. [Doc. 29]

On December 3, 2004 claimant's counsel filed a Motion for attorney's fees under the Equal Access To Justice Act (EAJA), and a brief in support. [Doc. 30]. See 28 U.S.C. § 2412(d). The Commissioner's brief in opposition was filed on December 27, 2004 [Doc. 31]; and on January 6, 2005 the Plaintiff filed a replay brief. [Doc. 32]

Part Two *The Issues*

A. Whether Plaintiff's counsel is entitled to attorney's fees under EAJA?

B. If the attorney is entitled to attorney's fees under EAJA, what is the amount to which counsel is entitled? [3]

Part Three *Discussion*

A. *Claimant's Counsel Is Entitled To Attorney's Fees Under EAJA*

■ At the onset it is clear that the claimant is the "prevailing party" for the

---

1. The test for disability so as to be entitled to SSI disability benefits is identical to the test for disability with respect to insured wage earners. Nevertheless, an applicant for SSI benefits has an additional obligation not shared by insured workers: The applicant must also prove that the applicant has little, if any, financial resources. See Title XVI of the Social Security Act (42 U.S.C. § 1381 et seq.; 42 U.S.C. §§ 416Ii), 403(a) and 1382.

2. Pursuant to Fed. R. Civ.P. 58, judgment was entered that same day [Doc. 24]. See *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). See also 28 U.S.C. § 2412(B)(d)(1), (d)(2)(15).

3. The attorney contends he is entitled to attorney fees of $17,770.50 under EAJA [Doc. 30], which figure represents that claimant's counsel spent 115.95 hours "before the court, reading the transcript and drafting the statement of the case and the statement of facts." (See attached affidavit of Charles L. Martin), and that he is entitled to compensation at the rate of $125 per hour, and that "the reasonable market value" of counsel's service is $275.00 per hour. Although he states on his affidavit that he bills clients with whom he does not have a contingency fee arrangement $275.00 per hour, he has failed, however, to present any evidence verifying his affidavit on this point.

purpose of assessing costs and attorney's fees. Indeed, the claimant would be the prevailing party if she obtained nothing other than a remand to the Commissioner for a new hearing, as urged by the Government. *Shalala v. Schaefer*, 509 U.S. at 300, 113 S.Ct. at 2630–31, 125 L.Ed.2d 239.

No holding of this court has ever denied prevailing party status (under [28 U.S.C.] § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of [42 U.S.C.] § 405(g) (disproving of dicta in *Sullivan v. Hudson*, 490 U.S. 877, 887, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989)).

Under 5 U.S.C. § 504(a)(1)

An agency that conducts an adversary adjudication shall award to a prevailing party other than the United States, fees and other expenses...unless the adjudication officer of the agency finds that the position of the agency was substantially justified. See *Willis v. Sullivan*, 931 F.2d 390 (6th Cir.1991).

In addition, 28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to [28 U.S.C. § 2412] subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.

The question thus presented is whether the Government's position was substantially justified.

In her brief the claimant contends that the Social Security Administration's position was not substantially justified when it held that the claimant's alcohol abuse was a material factor to the claimant's disability prior to September 1997.

In her reply brief [Doc. 29], the Commissioner does not contend that the claimant's counsel is not entitled to attorney fees under EAJA. Rather, she contends that, in computing the amount of such attorneys fees,

1. Claimant's counsel is not entitled to attorneys fees based on 2004 Consumer Price Index rates for all of counsel's work when 105.95 hours thereof were performed in calendar year 2003, and only 10.15 hours thereof were performed in 2005.

She, therefore, contends that claimant's counsel should be compensated at $147.75 per hour for work performed in calendar year 2003 = 105.8 hours × $147.75/hour = $15,631.95 and $153.26 per hour for 10.15 hours at calendar year 2004 rates = $1,555.59.

In addition, the Commissioner contends that, although the claimant's attorney spend an excessive amount of time in litigating this case, and in preparing his ninety-six (96) page brief, she has chosen not to contest the hours claimed by said attorney. [Doc. 30]. See *Forrester v. Barnhart*, —— F. Supp 2d —— (N.D.Ga., # 1:02–cv–1983–LTW, April 28, 2004, Walker, MJ). Of course, this Court is obliged to compensate the attorney for reasonable attorney fees. Thus, this Court must independently review the amount of time that claimant's counsel contends he spent in litigating this case. It also agrees with the Government that 105.8 hours should be based on the 2003

Consumer Price Index, and 10.15 hours on the 2004/5 Consumer Price Index.

Based on the attorney's affidavit, this Court concludes that said attorney was previously compensated under EAJA for 61.85 hours from November 11, 1997 through September 6, 2000. Thus, this Court need not reconsider the attorney's activity except from January 13, 2003 through November 4, 2004. Based thereon, this Court disallows as unnecessary the following claimed times to wit:

3/27/2003    .1 hour

3/19/2003    <u>.2 hours</u>
            .3 hours @ \$147.75/hr. = \$44.31

\$15,631.95 − \$44.31 = \$15,587.64 + \$1,555.59 = \$17,143.23.

IT IS THEREFORE ORDERED that the Commissioner compensate claimant's attorney for \$17,143.23 in attorney fees under EAJA.

IT IS SO ORDERED